IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES DIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 19-0089-JB-MU |
| | ) |
| C. JAMES BEAIRD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

On February 25, 2019, Plaintiff Charles Dixon filed a *pro se* Complaint against several defendants seemingly arising from the suspension of his Section 8 housing voucher by the Mobile Housing Board ("MHB") and his eviction from housing owned by C. James Beaird. (Docs. 1, 9). Plaintiff also asserted a claim against Legal Services for not protecting his rights. (*Id*.). At the same time, Plaintiff filed a Motion to Proceed Without Prepayment of Fees. (Doc. 2). Because his complaint was unclear and deficient in several respects, the Court ordered Plaintiff to amend his complaint, which he did on July 3, 2019. (Docs. 3, 9). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72(a)(2)(S) for appropriate action. Because Plaintiff's Complaint and his amendment thereto fail to establish that this Court has subject matter jurisdiction over Plaintiff's alleged claims against

Legal Services, it is recommended that Plaintiff's claims against Legal Services be dismissed prior to service of process.[1]

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute … which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal quotations omitted). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal jurisdiction in this case must rest upon 28 U.S.C § 1331, federal question jurisdiction, as it is clear from Plaintiff's complaint that there is no diversity of citizenship between the parties. A review of Plaintiff's original Complaint, his amendment thereto, and the documents attached to these[2] indicates that he is claiming that the attorneys at Legal Services did not properly represent him with regard to the disputes between him and the other defendants, Beaird and the MHB. Thus, the only claim asserted against Legal Services is a

---

[1] By separate order, the Court has granted Plaintiff's motion to proceed without prepayment of fees and has ordered the complaint to be served on Beaird and the Mobile Housing Board.

[2] Although normally an amended complaint would supersede the original complaint, Plaintiff's amended complaint (Doc 9), which was entitled "Amended Complaint Memorandum in Support," did not reiterate the facts set forth in his original complaint but rather set forth the legal claims he was making against the defendants. Accordingly, the Court has construed this pleading as an amendment to the original complaint and, being mindful of the instruction to liberally construe *pro se* complaints, has considered the allegations set forth in both documents.

claim for legal malpractice by the attorneys who represented him. A legal malpractice claim governed by the Alabama Legal Services Liability Act does not arise "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. However, in cases in which the district court has original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction over a claim if it "raises a novel or complex issue of State law" or if it "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(1) and (2). The court may also decline to exercise supplemental jurisdiction if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

The only possible federal claims alleged in this case are claims arising under the federal Fair Housing Act. *See* Docs. 1, 9. The alleged legal malpractice claim against Legal Services "is essentially a negligence claim under state law." *Hunter v. ABI*, No. 2:13-CV-661-WKW, 2014 WL 495359, at *10 (M.D. Ala. Feb. 5, 2014) (citing *McDuffie v. Brinkley, Ford, Chestnut, and Aldridge*, 576 So. 2d 198, 199 (Ala. 1991) (holding that "in a legal malpractice case a plaintiff must prove, basically, the same that must be proven in an ordinary negligence suit"). To prevail on a legal malpractice claim in Alabama, the plaintiff must prove that the attorney breached the standard of care set forth in § 6-5-580 of the Alabama

Code, as well as causation and damages. *See* Ala. Code § 6-5-580; *see also Hunter*, 2014 WL 495359, at *10 (holding that to prevail on a legal malpractice claim, the plaintiff must show that the attorney owed a duty, breached the duty, and proximately caused injury as a result of the breach). In the instant case, "while the legal malpractice claim bears some attenuated, tangential connection to [Plaintiff's] federal claims" against the remaining defendants because it alleges that the attorneys at Legal Services erred in their handling of Plaintiff's legal dispute with Beaird and the MHB, "the legal malpractice claim requires proof of an entirely separate set of facts unrelated to the remaining defendants alleged misconduct" and requires interpretation and application of a standard contained in a state statute. *See id*. Therefore, this Court finds that Plaintiff's legal malpractice claim against his former attorneys at Legal Services is not "so related" to the alleged federal claims asserted against Beaird and the MHB "that they form part of the same case or controversy under Article III." *Accord id*. (finding that supplemental jurisdiction did not exist over a legal malpractice claim because it did not arise from the same case or controversy as the federal claim). Therefore, because supplemental jurisdiction is lacking over the claim against Legal Services, that claim is due to be dismissed for lack of subject matter jurisdiction.

## **CONCLUSION**

Because this Court lacks subject matter jurisdiction over the claims asserted by Plaintiff against Legal Services, it is **RECOMMENDED** that all claims asserted against Legal Services in this action be **DISMISSED** without prejudice,

prior to service.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on Plaintiff in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **23rd** day of **August, 2019**.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**